UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **ESTELLA DEAL** | **CIVIL DOCKET NO. 1:20-CV-01452** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **LOVES TRAVEL STOP, INC., ET AL** | **MAGISTRATE JUDGE JOSEPH H. L. PEREZ-MONTES** |

<u>**MEMORANDUM RULING**</u>

Before the Court is a Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion") filed by Defendant, Alyco, LLC. [Doc. 38]. For reasons which follow, the Motion is GRANTED.

BACKGROUND

On November 12, 2020, Plaintiff Estella Deal ("Deal") filed suit in this Court against her former employer, Loves Travel Stop, Inc., her former co-employees Traneisha Williams and Brittany Fisher, and XYZ Liability Insurer, for violations of the First and Fourteenth Amendments to the United States Constitution, Title VII of the Civil Rights Act of 1964 ("Title VII"), and criminal statutes 18 U.S.C. §§ 1513 and 1962. [Doc. 1]. Deal's claims all stem from allegations that she experienced age discrimination, retaliation, and a hostile work environment while employed at a Loves Travel Stop. [Doc. 1 ¶ 4]. Specifically, Deal claims that following a verbal altercation with Brittany Fisher on November 13, 2018, Traneisha Williams, her supervisor, "wrote [her] up" for insubordination. [Doc. 1 ¶¶ 8-16]. Deal claims that she then filed a complaint with Love's Human Resources department the next week. [Doc. 1 ¶¶ 17-18]. Deal additionally alleges that after Brittany Fisher was promoted

1

in December 2018, she reduced Deal's scheduled work hours from eight hours per day to four hours per day. [Doc. 1 ¶¶ 20-22]. Deal claims to have made a complaint with Human Resources regarding the reduction in her work hours as well as emailed several individuals, including the General Manager of Loves, on January 28, 2019, alleging that she experienced retaliation, discrimination, and an unfair and unsafe workplace. [Doc. 1 ¶ 25]. After her work hours were not increased, Deal again emailed the General Manager of Loves on March 25, 2019, complaining of her supervisor's failure to increase her hours and having to "wor[k] under a revengeful supervisor." [Doc. 1 ¶ 26]. Deal alleges that Brittany Fisher hired employees who were younger than Deal and provided them with more work hours than those provided to Deal. [Doc. 1 ¶ 27]. Deal also alleges that she was written up by Brittany Fisher for reporting a younger co-worker's inappropriate behavior while at work. [Doc. 1 ¶¶ 32-36]. Deal concludes that the reduction in hours, write ups, favoritism shown to younger employees, and hostile work environment caused her to resign on May 18, 2019. [Doc. 1 ¶ 37]. Deal alleges that prior to filing her complaint in this Court, she filed a timely charge with the EEOC and has received a Right to Sue Letter. [Doc. 1 ¶ 38].

On May 28, 2021, the Court informed Deal of its intent to dismiss her case due to her failure to properly serve the named defendants within 90 days of filing her complaint. [Doc. 10]. Deal did not respond to the Court's notice, and on June 16, 2021, this case was dismissed. [Doc. 11]. On July 7, 2021, Deal filed a Motion to Reinstate her case. [Doc. 12]. The Court granted Deal's Motion to Reinstate on July

28, 2021, noting that although Plaintiff's attorney failed to show "good cause" as to why the case should be reinstated, the Court was nonetheless using its discretion to extend the time for Deal to properly serve the defendants. [Doc. 16]. Deal served the proper defendant, Alyco, LLC, on August 4, 2021. [Doc. 17 p. 1]. Brittany Fisher, Traneisha Williams, and XYZ Liability Insurer were again dismissed as defendants on November 1, 2021, because of Plaintiff's failure to timely perfect service, and claims against these defendants have not been reinstated. [Doc. 30].

On September 24, 2021, Defendant filed a Motion to Dismiss seeking to dismiss all of Deal's claims. [Doc. 21]. In this motion, Defendant argued that: (i) Deal's First and Fourteenth Amendment claims should be dismissed because they were improperly asserted against private persons, and (ii) Deal's Title VII claim should be dismissed as she failed to provide any details of the alleged EEOC charge and otherwise failed to allege a plausible claim of discrimination, retaliation, or a hostile work environment. [Doc. 21-1]. Deal filed an Opposition on October 12, 2021, arguing that she sufficiently stated that the Defendants acted discriminatorily and created a hostile work environment in violation of the First and Fourteenth Amendment to the Constitution, but conceded to withdrawing any claims that were "not artfully stated or deemed by this Court to be against the established law" and requested leave to amend her complaint. [Doc. 25]. Defendant replied by emphasizing the arguments made in its Motion to Dismiss and contending that Deal should not be given the opportunity to amend her complaint. [Doc. 28].

A hearing on the Motion to Dismiss, at which Plaintiff's counsel failed to appear, was held on November 2, 2021. [Doc. 31]. At this hearing, the Court noted that Deal's claims under the Constitution, Title VII, and the criminal statutes do not assert valid causes of action under federal law. The Court granted in part Defendant's Motion to Dismiss, dismissing with prejudice all claims other than those alleging a violation of the Age Discrimination in Employment Act ("ADEA").[1] [Doc. 31]. The Court also dismissed the ADEA claims without prejudice due to Deal's failure to prosecute the case and set an Order to Show Cause Hearing for November 9, 2021, for the purpose of determining whether good cause exists to reinstate Deal's ADEA claims. [*Id.*].

Both Plaintiff and Defendant filed Responses to the Order to Show Cause and a Show Cause Hearing was held on November 9, 2021. [Docs. 32-34]. Ruling from the Bench, the Court reinstated Deal's ADEA claims and ordered Plaintiff's counsel to provide defense counsel with a copy of the Right to Sue Letter and to file an amended complaint stating viable claims under the ADEA within two weeks. [Docs. 32-34].

Deal filed an Amended Complaint on November 23, 2021, again naming the dismissed Defendants, raising the dismissed Constitutional claims, and alleging all factual allegations asserted in her original complaint. [Docs. 1 and 35]. The additional factual allegations asserted in the Amended Complaint that are relevant

---

[1] At this Hearing, the Court noted that although the ADEA was not asserted by Deal directly, her complaint referenced potential claims of age discrimination that may broadly fall under the ADEA.

to Deal's ADEA claim include that: (i) Deal was over the age of forty when her work hours were reduced, (ii) "the younger employee received more favorable treatment than the plaintiff who was older," (iii) new, younger employees received more working hours than Deal, (iv) a younger employee was hired in a superior position to Deal, (v) Deal's supervisor would "pit…a younger and more favored employee" against Deal, and (vi) Deal experienced retaliation and a hostile work environment because of her age. [Doc. 35 ¶¶ 25-30]. Defendant filed a Second Motion to Dismiss on December 20, 2021. [Doc. 38]. Plaintiff filed an Opposition on January 30, 2022, and Defendant filed a Reply on February 17, 2022. [Docs. 41,42, and 45]. The Motion is now ripe for ruling.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of a plaintiff's claims before filing its answer when the pleadings, on their face, fail "to state a claim upon which relief can be granted." A pleading states a claim for relief when, *inter alia*, it contains "a short and plain statement … showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility requires more than just the "sheer possibility" that a defendant acted unlawfully; it calls for enough facts "to raise a

5

reasonable expectation that discovery will reveal evidence" to support the elements of the claim. *Twombly*, 550 U.S. at 556. Although the Rule 8 pleading standard does not require "detailed factual allegations," mere "labels and conclusions," or "a formulaic recitation of the elements of a cause of action" do not suffice. *Id.* at 555.

In ruling on a Rule 12(b)(6) motion, a court may rely on the complaint, its attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A court must accept as true all factual allegations, although the same presumption does not extend to legal conclusions. *Iqbal*, 556 U.S. at 678. In sum, if the factual allegations asserted in the complaint are wholly speculative or if it is apparent from the face of the complaint that there is an absolute bar to recovery, the claim should be dismissed. *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.[2]

## LAW AND ANALYSIS

In its Motion, the Defendant argues that Deal has failed to meet her burden of showing the timeliness of the filing of her EEOC charge and therefore the timeliness of the filing of her complaint. [Doc. 38-1 p. 13-14]. Defendant contends that filing an EEOC charge, but not a Right to Sue Letter, is a prerequisite to filing a complaint that alleges an ADEA violation. [Doc. 38-1 p. 13]. Defendant additionally argues

---

[2] At its November 9, 2021, hearing, the Court ordered Deal to produce a Right to Sue Letter and she has failed to do so. Accordingly, it is appropriate for the court to consider this discrete issue under the standards used for evaluating a motion for summary judgment. When a Court considers matters outside of the pleadings filed when ruling on a 12(b)(6) motion, the motion can be converted to a motion for summary judgment under Federal Rule of Civil Procedure 56. *Clark v. Tarrant County, Texas*, 789 F.2d 736, 745 (5th Cir. 1986).

that Deal has failed to show that the factual allegations in her EEOC charge encompass an ADEA claim and has failed to provide defense counsel with a copy of the charge or with a copy of a Right to Sue Letter. [*Id.*]. Defendant also notes that although the requirement to exhaust administrative remedies can be waived if left unchallenged, it has not waived that requirement. [Doc. 45 p. 3].

Deal responds by mischaracterizing Defendant's argument as alleging her complaint was not timely, "not necessarily for a failure to receive a right-to-sue notice from the EEOC…but because Plaintiff has not produced a copy to Defendant." [Doc. 42 p. 10]. Deal also incorrectly identifies Defendant's argument as contending that a Right to Sue Letter is a jurisdictional requirement to bring an ADEA claim. [*Id.*] Ultimately, Deal argues that the failure to obtain a Right to Sue Letter does not bar a plaintiff from bringing an ADEA civil suit. [*Id.*]

Here, Deal has not provided a copy of the charge filed with the EEOC or a Right to Sue Letter to defense counsel, despite being ordered by the Court to do so. Deal has likewise failed to allege in her complaint any details related to her EEOC charge. *See, O'Neal v. Cargill, Inc.*, 178 F. Supp. 3d 408, 414 (E.D. La. April 11, 2016); *Carter v. Target Corp.*, 541 Fed. App'x. 413, 417 (5th Cir. 2013) (finding that the contents of an EEOC charge are essential to determine whether the EEOC charge was timely filed and whether the allegations in the charge demonstrate a "colorable violation" of Title VII. The court stated that these issues are central to a plaintiff's pleadings and the failure to include an EEOC charge does not allow a plaintiff's complaint to bypass a defendant's motion to dismiss unexamined).

Although receiving a Right to Sue Letter is not a jurisdictional prerequisite to filing an ADEA claim in this Court, a plaintiff must nonetheless exhaust his or her administrative remedies prior to filing a complaint. *Jefferson v. Christus St. Joseph Hosp.* 374 Fed. App'x. 485, 489 (5th Cir 2010); *Julian v. City of Houston, Tex.*, 314 F.3d 721, 727 (5th Cir. 2002). To do so, a plaintiff must first file a charge of discrimination with the EEOC, then wait 60 days to file suit in federal court. 29 U.S.C.A. § 626(d); *Foster v. National Bank of Bossier City*, 857 F.2d 1058, 1060 (5th Cir. 1988); *Julian*, 314 F.2d at 725 (quoting Title 29 U.S.C.A. § 626(d)). After the plaintiff receives notice that the EEOC has taken an action on the charge, either in the form of a dismissal or issuing a Right to Sue Letter, the plaintiff then must file a complaint, if he or she has not already done so, within 90 days after receiving notice of the EEOC's decision. *St. Louis v. Worker's Compensation Com'n*, 65 F.3d 43, 47 (5th Cir. 1995).

Deal alleges that the EEOC charge was timely and that before filing her first complaint she had "recently" received a Right to Sue Letter, but she does not plead any facts in either her Complaint or Amended Complaint as to the timeliness of filing suit in this Court.³ [Docs. 1 and 35]. It therefore cannot be determined whether a

---

³ After this matter was dismissed for failing to timely serve the defendants, Deal filed a Response to an Order to Show Cause as to why the case should be reinstated in which she asserts only that suit was "timely filed" in this Court on November 11, 2020. [Doc. 12]. This pleading, however, is outside the scope of what can be considered on a Motion to Dismiss, and Deal did not amend her complaint to include this allegation. *See, Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007); *Financial Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006). When ruling on a 12(b)(6) motion, "district courts generally may rely only on the complaint and its proper attachments," as well as "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Id.* In no instance has Deal made any allegations as to the scope of her EEOC charge.

8

charge was timely filed with the EEOC, or whether Deal's complaint was timely filed thereafter. The Court's inability to make such a determination is proper grounds for dismissing a plaintiff's claim. *See, Ramos v. Roma ISD,* 2020 WL 11025598 at * 2 (S.D. Texas Dec. 17, 2020) (dismissing the plaintiff's ADEA claim because he failed to provide a copy of the EEOC charge, any response from the EEOC, or the date on which the charge was filed, and he therefore failed to exhaust his administrative remedies). Even accepting the factual allegations in Deal's Amended Complaint as true, specifically that, "Plaintiff filed a timely complaint with the EEOC and has been given a Right to Sue Letter," Deal has nonetheless failed to allege the facts necessary for the Court to accept that the filing of her complaint was timely. [Doc. 35 ¶ 38]. Thus, Defendant's Motion to Dismiss should be granted and Deal's claims should be dismissed without prejudice.

Assuming arguendo that Plaintiff timely filed suit in this Court after filing a charge with the EEOC, Defendant's Motion to Dismiss should nevertheless be granted. For the Court to consider a claim of discrimination under the ADEA, the plaintiff must file a charge with the EEOC, and that charge must indicate an allegation of age discrimination. *See,* 29 C.F.R. § 1601.129(b); *Stone v. Louisiana Dept. of Revenue,* 590 Fed. App'x. 332, 336 (5th Cir. 2014). The scope of what can be considered in a civil action is limited to what could be "reasonably expected to grow out of the charge of discrimination" that is filed with the EEOC or claims of discrimination that are "like or related to" the facts alleged in the EEOC complaint. *Horton v. CCA Properties of America, LLC,* 2013 WL 2248033 at * 5 (5th Cir. 2013)

(internal quotations omitted); *Stith v. Perot Systems Corp.*, 122 Fed. App'x. 115, 118 (5th Cir. 2005) (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)).

Based on the facts Deal has alleged in her pleadings, the Court cannot determine, if a charge was in fact filed with the EEOC, whether that charge properly indicated a claim under the ADEA. *See, Jefferson v. Christus St. Joseph Hosp.*, 374 Fed. App'x. 485, 490 (5th Cir. 2010) (finding that the appellants failed to exhaust the administrative remedies required for an ADEA claim of retaliation because they did not properly allege retaliation either by "checking the appropriate box or otherwise describing the alleged discriminatory conduct in the narrative section of their charge"). If the charge that Deal has allegedly filed with the EEOC does not display allegations of age discrimination, her claims should be dismissed for a failure to exhaust the administrative remedies required to file suit. *See, Carter v. RMH Teleservices, Inc.*, 205 Fed. App'x 214, 217 (5th Cir. 2006); *Adams v. Autozoners, Inc.*, 1999 WL 744039, at * 5 (E.D. La. Sept. 23, 1999) (dismissing the plaintiff's ADEA claim for failing to exhaust administrative remedies where he failed to attach his EEOC charge to his complaint or to provide a copy for the record, and the notice of a charge of discrimination issued to the defendant did not include an allegation of age discrimination). Here, Deal has not provided a copy of an EEOC charge, or the EEOC's response to that charge, to defense counsel or the Court. The Court therefore cannot determine if Deal properly raised a factual allegation of age discrimination in her charge with the EEOC. Additionally, in her Amended Complaint, Deal does not

10

plead any facts related to what information was provided in her EEOC charge. Importantly, Deal has not made any allegation that her EEOC charge complained of age discrimination. By omitting this information, Deal has failed to allege sufficient facts in her complaint that show a "claim upon which relief can be granted."[4] Defendant's Motion to Dismiss should therefore be granted and Deal's claims should be dismissed.

---

[4] The Court notes that in *Thomas v. Lowe's Home Centers. Inc.,* another division of this court denied a defendant's motion to dismiss based on a plaintiff's failure to exhaust her administrative remedies. 2014 WL 545862 (W.D. La. Feb 10, 2014). In that case, the defendant received a notice of a charge of discrimination from the EEOC with the box next to Title VII checked. *Id.* at * 1. No charge accompanied that notice, and the defendant therefore argued that the plaintiff failed to file such a charge. *Id.* The plaintiff argued that she did file a formal charge with the EEOC and alleged so in her complaint. *Id.* at * 2-4. It was undisputed that plaintiff received a Right to Sue Letter on January 16, 2013. *Id.* n. 8. The court found that based on the pleadings and available documents, it could not determine if an EEOC charge was in fact filed. *Id.* The court ultimately determined that in light of the plaintiff's minimal pleading burden, it could not find that she failed to allege facts that would plausibly support her claim that she filed an EEOC charge. *Id.*

The *Thomas* court also denied the defendant's contention that the plaintiff's state law claims under La. Rev. Stats. Ann. §§ 23:332, 23:964, 23:967 should be dismissed. *Id.* at * 4. The court noted that the state law claims would be limited to the alleged discrimination that was detailed in the EEOC charge. *Id.* n. 8. The court, however, accepted as true plaintiff's contention in her complaint that her EEOC charge detailed all of the discriminatory events that underly her state law claims. *Id.*

The *Thomas* case is distinguishable from the one now before the court. First, in *Thomas*, the court was aware that a Right to Sue Letter was issued on January 16, 2013, and could therefore decipher that the civil suit was timely filed within 90 days of issuance of the Right to Sue Letter on April 15, 2013. *Id.* at *2. Additionally, the court was able to accept as true the allegation in plaintiff's complaint that attested to what factual claims were raised in her EEOC complaint.

11

## CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss for Failure to State a Claim [Doc. 38] is GRANTED, and Plaintiff's claim is DISMISSED WITH PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 18th day of March 2022.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE